UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CALEB RODRIGUEZ,

    Plaintiff,

v.                                                       Case No. 8:19-cv-540-T-24 CPT

CROWN EQUIPMENT CORPORATION
and UNKNOWN CROWN EMPLOYEE,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Motion to Remand. (Doc. No. 4). Defendant opposes the motion. (Doc. No. 5). As explained below, the motion is denied.

## **I. Background**

Plaintiff Caleb Rodriguez alleges the following in his complaint (Doc. No. 1-1): Rodriguez worked at Johnson Controls. Defendant Crown Equipment Corporation ("Crown") provided forklifts and other equipment to Johnson Controls. On November 27, 2018, an unknown Crown employee serviced a forklift at Johnson Controls that had an acceleration problem. Thereafter, Rodriguez operated the purportedly repaired forklift. However, the forklift's accelerator malfunctioned and caused serious injuries to Rodriguez.

As a result, Rodriguez filed a complaint in state court asserting two claims: (1) a negligence claim against Crown, and (2) a negligence claim against the unknown Crown employee that serviced the forklift. Despite Rodriguez's allegation that the unknown Crown employee was a citizen of Florida, Crown removed the case to this Court on the basis of diversity subject matter jurisdiction.

**II. Motion to Remand**

In the instant motion, Rodriguez moves to remand this case for lack of complete diversity between the parties. Rodriguez is a citizen of Florida, and Crown is a citizen of Ohio. Rodriguez does not dispute that the amount in controversy threshold has been met. Instead, Rodriguez argues that because the unknown Crown employee is likely a citizen of Florida, complete diversity does not exist.

Crown responds that pursuant to 28 U.S.C. § 1441(b), the citizenship of the unknown Crown employee must be disregarded until his or her identity is ascertained. The Court agrees with Crown. Rodriguez states that he has served discovery on Crown in order to determine the identity of the unknown Crown employee. Once the identity of the unknown Crown employee is ascertained, Rodriguez may promptly move to amend the complaint in order to identify the unknown Crown employee. At that time, the Court will determine whether complete diversity still exists or whether remand is required.

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (Doc. No. 4) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of April, 2019.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record